# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1575
Lower Tribunal No. F18-22887
_____

**George Madison,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SCALES, C.J., and FERNANDEZ and LOBREE, JJ.

SCALES, C.J.

George Madison appeals his sentences for kidnapping, carjacking, robbery, and two counts of fraudulent use or possession of personal identification information. Madison argues that his sentences for the offenses, which were enhanced in accordance with section 775.084 of the Florida Statutes, are unconstitutional under Erlinger v. United States, 602 U.S. 821 (2024). Because any trial court error in not allowing the jury to decide enhancement issues was harmless beyond a reasonable doubt, we affirm that portion of the sentencing order enhancing Madison's sentences. We reverse, however, that portion of the written sentencing order that does not conform with the trial court's oral pronouncements at the sentencing hearing, and we remand for the trial court to enter a corrected, written sentencing order.

I.      **Relevant Background**

While Madison's plenary appeal was pending, the United States Supreme Court decided Erlinger. Prior to filing his initial brief,[1] Madison filed in the lower proceeding a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct his sentence.[2] In Madison's rule 3.800(b)(2) motion,

---

[1] Madison's appellate briefs in this appeal do not challenge his underlying convictions.

[2] Rule 3.800(b)(2) permits a defendant or the State, during the pendency of a plenary appeal, to file a motion in the trial court to correct an alleged

Madison asserted that his sentences are unlawful because (i) the trial court, rather than a jury, determined that Madison met the requirements for designation as a habitual violent felony offender ("HVFO") and a three-time violent felony offender ("3xVFO"), and (ii) the trial court made these factual findings by a preponderance of the evidence, rather than beyond a reasonable doubt. Madison's rule 3.800(b)(2) motion also argued that the lower court's written sentencing order failed to comport with the court's oral findings at the sentencing hearing. Because the trial court did not rule on Madison's rule 3.800(b)(2) motion within sixty days, it was deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B). The lawfulness of Madison's sentence and the trial court's denial of Madison's rule 3.800(b)(2) motion are the subject of this appeal.

II.  **Analysis**

A. Alleged _Erlinger_ Error

1.  Harmless error standard

---

sentencing error, so long as the initial brief has not yet been filed. When such a motion is filed, notice must be provided to the appellate court, and the time for filing of the initial brief is tolled until the trial court adjudicates the motion and the record is supplemented as provided in Florida Rule of Appellate Procedure 9.140(f)(6). See Fla. R. Crim. P. 3.800(b)(2). Implicit in rules 3.800(b)(2) and 9.140(f)(6), is that the plenary appeal may include review of the trial court's disposition of the motion.

As this Court has recently held, <u>Erlinger</u> errors are subject to harmless error review. <u>See</u> <u>Mesa v. State</u>, 51 Fla. L. Weekly D503, 2026 WL 758991, at *1 (Fla. 3d DCA Mar. 18, 2026); <u>Tucker v. State</u>, 51 Fla. L. Weekly D170, 2026 WL 216386, at *1 (Fla. 3d DCA Jan. 28, 2026). An <u>Erlinger</u> error is harmless where the record demonstrates, beyond a reasonable doubt, that, had the enhancement issues been submitted to a jury, a rational jury would have found that the defendant qualified for an enhanced sentence under section 775.084. <u>Mesa</u>, 2026 WL 758991, at *1. Indeed, if the record plainly and unequivocally establishes that the defendant qualifies for the enhancement, it is not necessary for the court to delve into the <u>Erlinger</u> constitutional issue, because any resulting error would be harmless beyond a reasonable doubt. <u>Id.</u>; <u>Tucker</u>, 2026 WL 216386, at *1.

2.  <u>Application of harmless error standard to this case</u>

At sentencing, the State, without contemporaneous objection, presented evidence of Madison's prior convictions establishing that, under the statute, Madison qualified as an HVFO and a 3xVFO. Madison presented no conflicting evidence. The trial court accepted the State's unrebutted evidence, and sentenced Madison as a 3xVFO on the kidnapping,

4

carjacking, and robbery offenses, and as an HVFO on the two counts of fraudulent use or possession of personal identification information.[3]

Madison did not contemporaneously object to the sufficiency of the State's evidence prior to being sentenced by the trial court. Nor did Madison argue in his rule 3.800(b)(2) motion that the State's evidence was insufficient to qualify him as an HVFO and a 3xVFO. Madison's rule 3.800(b)(2) motion argued simply that a jury, rather than a judge, should have made the enhancement findings beyond a reasonable doubt.

Under these circumstances, we need not reach the merits of Madison's Erlinger claim because any error in the trial court, rather than the jury, making the enhancement findings under section 775.084 was harmless beyond a reasonable doubt.  Given the unrebutted evidence supporting enhancement

---

[3] The sentencing hearing transcript reflects that the trial court sentenced Madison as follows:

- Kidnapping: Madison designated a 3xVFO and sentenced to life in prison with a life minimum mandatory;
- Carjacking: Madison designated a 3xVFO and sentenced to thirty years in prison with a thirty-year minimum mandatory;
- Robbery: Madison designated a 3xVFO and sentenced to fifteen years in prison with a fifteen-year minimum mandatory;
- Fraudulent use or possession of personal identification information (two counts): Madison designated an HVFO and sentenced to five years in prison with a five-year minimum mandatory, on both counts.

The trial court ordered that the sentences run concurrently.

5

established at sentencing, a rational jury would have found, beyond a reasonable doubt, that Madison qualified for the enhanced sentence. See Mesa, 2026 WL 758991, at *1; Tucker, 2026 WL 216386, at *1. We therefore affirm Madison's sentences.

### B. Discrepancy in Written Sentencing Order

The lower court's written sentencing order mistakenly reflects that the trial court (i) designated Madison a violent career criminal on the kidnapping, carjacking, and robbery offenses, rather than as a 3xVFO, and (ii) sentenced Madison to life in prison with a thirty-year minimum mandatory on the carjacking offense, rather than the orally imposed sentence of thirty-years in prison with a thirty-year minimum mandatory. As the State commendably concedes, the written sentencing order must be corrected to conform to the lower court's oral pronouncements at the sentencing hearing. See Rowan v. State, 396 So. 3d 634, 635-36 (Fla. 6th DCA 2024). We, therefore, reverse this aspect of the lower court's denial of Madison's rule 3.800(b)(2) motion and remand for the trial court to enter a corrected, written sentencing order that conforms to the trial court's oral pronouncements. Id. at 636.

Affirmed in part; reversed and remanded in part.